**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **MARIA N. PEREZ** | § | |
| | § | |
| | § | **CIVIL ACTION NO._____** |
| **VS.** | § | |
| | § | **JURY** |
| | § | |
| **REGION VII EDUCATION SERVICE** | § | |
| **CENTER** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### I. JURISDICTION AND PARTIES

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1343 (4); 42 U.S.C. § 2000e-5(f); and Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. The jurisdiction of this Court is also invoked to secure protection of and to redress deprivation of rights secured by 29 U.S.C. § 2601 et seq., commonly known as the "Family Medical Leave Act of 1993."

1.      All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

(a)     A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

(b)     A Notification of Right to Sue was received from the EEOC on May 7, 2009.

(c)     This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

2.      Plaintiff, MARIA N. PEREZ, is a citizen of the United States and the State of Texas who

resides in Palestine, Anderson County, Texas.

3.      All the discriminatory employment practices alleged herein were committed within the State of Texas.

4.      Defendant, REGION VII EDUCATION SERVICE CENTER is an agency of the State Board of Education that is and continuously has been doing business in the State of Texas. Defendant may be served by delivering a copy of this Complaint to its Registered Agent for Service, Elizabeth Abernethy, Director, Region 7 Education Service Center, 1909 North Longview Street, Kilgore, Texas 75662, where process may be served.

5.      Region VII Education Service Center is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

6.      The Texas Education Agency is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7.      Region VII Education Service Center is engaged in an industry that affects commerce within the meaning Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8.      The Texas Education Agency is engaged in an industry that affects commerce within the meaning Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

9.      Region VII Education Service Center has continuously and does now employee more than fifteen (15) or more employees.

## II. STATEMENT OF FACTS

10.      Plaintiff was employed by Region VII Education Service Center as a Quality Assurance Support employee from March 22, 1999 until June 23, 2008.  Plaintiff fully, adequately, and completely performed all of her job duties. In March 2007, Plaintiff was diagnosed with Breast Cancer and immediately began receiving treatment and has continued to receive treatment since that

time. Plaintiff immediately informed her employer of her diagnosis. During August 2007, Assistant Director, Mary Margaret Wilson, began harassing Plaintiff for going to doctor's appointments and receiving treatment. Plaintiff met with Ms. Wilson, Ronnie Hemann and Julie Ray on or about June 12, 2008 during which time Plaintiff was informed that she was abusing her sick leave and Plaintiff was asked whether she was really sick even though Plaintiff had undergone treatment at M.D. Anderson in Houston and had provided proof of all treatment. Plaintiff's doctor placed her on leave as a result of workplace stress from June 13, 2008 through June 30, 2008, the proof of which Plaintiff also submitted at the June 12, 2008 meeting. Plaintiff received a letter dated June 17, 2008 from Deputy Executive Director, Ronnie Hemann, stating that Plaintiff's request for leave could not be granted. Thereafter, Plaintiff received a letter dated June 23, 2008 from Ronnie Hemann stating that she had exhausted all available leave and that Plaintiff had been terminated.

## III. FIRST CLAIM FOR RELIEF

### AMERICANS WITH DISABILITIES ACT

11.     From the time of Plaintiff's diagnosis, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of such an impairment, and was regarded by Region VII Education Service Center as having such an impairment.

12.     Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8).  More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of her job in Quality Assurance Support.

13.     Despite requests, Region VII Education Service Center refused to make reasonable accommodation to Plaintiff.

14.     The Region VII Education Service Center's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment.  Region VII Education Service Center's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

15.     Region VII Education Service Center failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

16.     In failing to make reasonable accommodation to Plaintiff's physical disability, Region VII Education Service Center acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

## IV. SECOND CLAIM FOR RELIEF

### FAMILY MEDICAL LEAVE ACT

17.     At all times relevant hereto, Defendant has enacted and effected policies and practices of unlawful and systematic exclusion of and discrimination against Plaintiff.  Plaintiff would show that during the course of her employment she was forced to miss work because she was being treated for cancer.  Even though the Plaintiff fully disclosed and documented her medical condition to the Defendant, she was terminated in violation of 29 U.S.C. § 2601 et seq., the "Family Medical Leave Act."  The Defendant failed to continue Plaintiff's employment for a period during which she had a "serious medical condition," as defined by the FMLA.

18.     Plaintiff requests trial by jury.

## V. RELIEF REQUESTED

Plaintiff requests the judgment of this Court against Defendant, Region VII Education Service Center is as follows:

(a)  Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of disability;

(b)  Find and hold that Plaintiff has suffered from Defendant's deliberate decision to terminate

Plaintiff's employment based upon her necessary medical treatments and doctor visits;

(c) Order that Plaintiff be awarded the back pay she would have earned, with related monetary benefits and interest thereon;

(d) Order that Plaintiff be awarded actual damages for lost back wages, lost future wages, and lost benefits as a direct result of Defendant's discriminatory employment practices described above.

(e) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(f) Award Plaintiff her attorney fees, including litigation expenses, and the cost of this action;

(g) Award Plaintiff exemplary damages in an amount in excess of the minimum jurisdictional limits of this Court; and

(h) Grant such other and further relief as may be just and proper.


Respectfully submitted,


_____
William S. Hommel, Jr.
State Bar No. 09934250
WILLIAM S. HOMMEL, JR., P.C.
130 Shelley Dr., Suite C
Tyler, Texas 75701
(903) 596-7100
(903) 596-7464 Fax

ATTORNEY FOR PLAINTIFF